UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY PEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-62-SNLJ |
| | ) |
| A2B CARGO LOGISTICS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. On April 19, 2021, *pro se* plaintiff Gregory Peet, a Missouri resident, filed a complaint in this Court against A2B Cargo Logistics, Inc. and A2B Cargo, Inc. (also "A2B Cargo defendants"), and Coleman Strachman. Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and he has filed a motion seeking leave to proceed *in forma pauperis*.

All of plaintiff's claims arise from a 2019 motor vehicle accident that occurred in Kentucky. Plaintiff alleges the accident was caused by Coleman Strachman while he was driving a tractor-trailer truck in the course of his duties as an employee of the A2B Cargo defendants. Plaintiff avers the A2B Cargo defendants are corporations domiciled in Illinois, and he avers Coleman Strachman is an individual domiciled in North Carolina.

An action of this type may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). In this action, no defendant resides in this judicial district, none of the events giving rise to plaintiff's claims occurred here, and there is more than one district in which this

action may otherwise be brought. Accordingly, the Court concludes none of the requirements of § 1391(b) are present in this judicial district, and the instant case therefore lays venue in the wrong district.

Pursuant to statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, as noted above, there is more than one district in which this action may be brought. The claims alleged in the complaint appear serious, and it cannot be said it is in the best interests of justice for this Court to choose one of them and order the case transferred there. Doing so would serve only to deprive plaintiff of the choice of judicial district, and potentially force him to litigate in a district he finds inconvenient. Accordingly, the Court will dismiss this action at this time, without prejudice, due to improper venue. Nothing in this Memorandum and Order shall be construed as an opinion concerning the merits of plaintiff's claims, nor shall it be construed as precluding plaintiff from filing this action in a judicial district where venue is proper.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED** as moot.

A separate order of dismissal will be entered herewith.

Dated this 26th day of April, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE